UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04145-TAB-JRS |
| | ) |
| ANDREW M. SAUL Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.      Introduction**

Plaintiff Amy C. appeals the Social Security Administration's denial of her application for disability insurance benefits. [Filing No. 16.] Plaintiff argues that the Administrative Law Judge's conclusion that Plaintiff could stand and/or walk for more than two hours of an eight-hour workday was not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ's "unilateral translation" without medical testimony of Plaintiff's most recent MRI in July 2013 undermined such a conclusion and amounted to the ALJ impermissibly playing doctor. [Filing No. 16, at ECF p. 1.] The record and ALJ's decision do not clearly indicate whether the July 2013 MRI was submitted for review by a medical source, but it appears it was not. Thus, the ALJ erred when she unilaterally interpreted the July 2013 MRI result. In addition, Plaintiff has shown that such error may have significantly harmed her. Therefore, Plaintiff's request for remand is granted.

**II.     Background**

The SSA denied Plaintiff's claim for disability and disability insurance benefits initially and upon reconsideration.  Following a hearing, the ALJ determined that Plaintiff was not disabled.  The ALJ considered Plaintiff's claim for benefits according to 20 C.F.R. § 404.1520(a).  First, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2014.  Subsequently, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of February 1, 2009, through her date last insured, September 30, 2014.  At step two, the ALJ found that plaintiff had the severe impairment of multiple sclerosis.  [Filing No. 10-2, at ECF p. 21.]

At step three, the ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Before reaching step four, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except "[Plaintiff] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  No climbing of ladders, ropes, or scaffolds.  No operation of motor vehicles.  No work at unprotected heights or around moving mechanical parts.  She can frequently handle bilaterally." [Filing No. 10-2, at ECF p. 23.]

Next, at step four, the ALJ determined that through the date last insured, Plaintiff was unable to perform any past relevant work.  The ALJ also noted that Plaintiff was 41 years old, which is defined as a younger individual, on the date last insured, and that she had at least a high school education and is able to communicate in English.  [Filing No. 10-2, at ECF p. 25.] Finally, at step five, the ALJ found, considering Plaintiff's age, education, work experience, and RFC, that there were jobs that existed in significant numbers in the national economy that

2

Plaintiff could have performed, specifically: document preparer, telephone quotation clerk, and addresser. [Filing No. 10-2, at ECF p. 25-26.] The ALJ concluded that Plaintiff was not disabled.

**III.   Discussion**

Plaintiff's sole argument on appeal is that the ALJ committed reversible error by unilaterally interpreting, without medical expert input, the most recent MRI of Plaintiff's brain, and in concluding that Plaintiff could stand and/or walk for more than two hours of an eight-hour workday without substantial evidence to support that conclusion. [Filing No. 16, at ECF p. 19.] This Court reviews an ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings. . . shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). "Substantial evidence is not a demanding requirement. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020) (internal citation and quotation marks omitted). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

As noted above, the ALJ concluded that Plaintiff had the RFC to perform sedentary work, subject to additional limitations. [Filing No. 10-2, at ECF p. 23.] In explaining this finding in her decision, the ALJ noted that "MRIs of [Plaintiff]'s brain showed findings consistent with the

3

changes seen in multiple sclerosis but generally only minimal progression in the number of lesions; however, several new demyelinating lesions were identified in July 2013." [Filing No. 10-2, at ECF p. 24.] The state agency reviewing physicians concluded that Plaintiff did not have any severe physical impairments, and the ALJ gave their opinions "some weight[,]" finding the opinions somewhat consistent with the record evidence "except with respect to [Plaintiff's] multiple sclerosis." [Filing No. 10-2, at ECF p. 25.] Plaintiff argues that the July 2013 MRI indicated progression of her multiple sclerosis, yet the state agency reviewing physicians were "seemingly unaware" of the results or "correlated clinical findings" and that the ALJ erred in failing to submit this evidence for medical expert review. [Filing No. 16, at ECF p. 19.] Alternatively, Plaintiff argues that the ALJ "played doctor" and interpreted the MRI herself and translated her interpretations of the MRI and correlating evidence into a conclusion that Plaintiff could stand and/or walk for more than two hours of an eight-hour workday. [Filing No. 16, at ECF p. 21.]

    In support, Plaintiff cites to three Seventh Circuit decisions holding that an ALJ may not play doctor and interpret MRI results without medical input. *See, e.g., McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) ("We agree with McHenry that the ALJ impermissibly assessed the MRI report on his own without the assistance of a medical expert. We have said repeatedly that an ALJ may not play doctor and interpret new and potentially decisive medical evidence without medical scrutiny. An ALJ may not conclude, without medical input, that a claimant's most recent MRI results are 'consistent' with the ALJ's conclusions about her impairments. . . . [H]ere, the ALJ was not qualified to assess on his own how the April 2014 MRI results related to other evidence in the record." (Internal citation, quotation marks, and brackets omitted)); *Akin v. Berryhill*, 887 F.3d 314, 317 (7th Cir. 2018) ("We agree that the

4

ALJ's evaluation of Akin's MRI results is flawed because the ALJ impermissibly played doctor. The ALJ stated that the MRI results were consistent with Akin's impairments and then based his assessment of her residual functional capacity after considering the recent MRIs. But, without an expert opinion interpreting the MRI results in the record, the ALJ was not qualified to conclude that the MRI results were consistent with his assessment." (Internal citation, quotation marks, and ellipses omitted)); *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) ("Most important, [the consulting physicians] had not been shown the report of the 2010 MRI. Fatally, the administrative law judge failed to submit that MRI to medical scrutiny, as she should have done since it was new and potentially decisive medical evidence.").

The Commissioner, in response, argues that the ALJ supported her RFC finding with substantial evidence and notes that the ALJ restricted Plaintiff to sedentary work when no record physician opined that Plaintiff had greater functional work limits during the relevant time. [Filing No. 22, at ECF p. 12.] While the Commissioner briefly acknowledges Plaintiff's argument that the ALJ failed to submit the July 2013 MRI results to medical scrutiny, he does not directly address any of the cases Plaintiff relies on. Rather, the Commissioner focuses on the fact that the ALJ acknowledged that the July 2013 MRI identified several new "enhancing demyelinating lesions" but also considered that Plaintiff's most recent examination before her date last insured with her treating neurologist, Dr. Kenten D. Woolhiser, in September 2014, showed good symptom control, good tolerance for treatment, and largely negative findings. [Filing No. 22, at ECF p. 14.] The Commissioner also argues that Plaintiff misstates or selectively cites Dr. Woolhiser's treatment notes. [Filing No. 22, at ECF p. 15.]

Dr. Woolhiser's treatment notes from that September 2014 examination briefly reference that Plaintiff's MRI "shows active lesions." [Filing No. 10-9, at ECF p. 26.] But his treatment

5

notes provide no insight into how the MRI findings could be expected to impact Plaintiff's functional limitations, if at all.  *See, e.g., Dohner v. Saul*, No. 1:18-CV-251-HAB, 2019 WL 6888450, at *3-4 (N.D. Ind. Dec. 18, 2019) ("The ALJ in this case made the same fundamental error as the ALJs in *McHenry* and *Akin*.  The record in this case contains no evaluation of the 2016 MRI in the context of what, if any, functional limitations the findings would support.  Instead, the ALJ had only the MRI report itself, and [treating neurosurgeon] Dr. Losiniecki's summary of that report.  Dr. Losinieki's report provides no insight into how the impairments noted in the MRI findings could be expected to affect Dohner's functional capabilities.  It certainly does not opine that the MRI findings are consistent with the functional limitations found by the state agency physician. . . .  The MRI may very well be consistent with the state agency physician's findings, but that determination must be made by a medical expert, not the ALJ or this Court."  (Internal citation omitted)).

  Moreover, it is not clear from the ALJ's decision, the record, or the briefing whether the state agency physicians reviewed the July 2013 MRI results.  While the MRI was not "new evidence" in the sense that it occurred in 2013, prior to the state agency physicians' review of the evidence, Plaintiff claims that there is no indication in the record that the consulting physicians received or reviewed those MRI results.  [Filing No. 16, at ECF p. 19.]  The Commissioner does not address this point and, therefore, provides no further insight into whether or not that is the case.  And there is no reference to the July 2013 MRI in the state agency physicians' reports.  Thus, the Court cannot determine whether the MRI was properly reviewed by a medical expert.

  Plaintiff also reasonably argues that the lack of proper review of her most recent MRI results may have caused her significant harm.  [Filing No. 16, at ECF p. 22-23.]  Plaintiff reiterates that the ALJ found her capable of sedentary work, the lowest level of exertion which

the SSA recognizes, but that it is at least plausible the state agency physicians may have recommended greater functional limitations in light of the MRI results. [Filing No. 16, at ECF p. 23.] It is not the role of the Court to speculate or re-weigh the evidence. See *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Thus, this case is remanded to the SSA in order to submit the MRI result to medical scrutiny before determining Plaintiff's RFC and potential additional limitations.

## IV. Conclusion

For the reasons stated above, the Court grants Plaintiff's request for remand. [Filing No. 16.] The Commissioner's decision is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings and consideration consistent with this opinion.

Date: 8/21/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email